IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA A. GIBSON,    Case No.
    Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.    **JURY TRIAL DEMANDED**
    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.   Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.   Parties

4. Plaintiff, Patricia A. Gibson (hereafter "Plaintiff"), is an individual who resides at 1622 Meridian Street, Ruskin, FL 33570, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and/or a person with standing to bring a claim

under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

5. Defendant West Asset Management, Inc. (hereafter "West") is a Delaware corporation, with its principal place of business located at 11808 Miracle Hills Drive, Omaha, NE 68154. Defendant West is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another.

### IV.   Factual Allegations

6. Sometime during the last twelve months representatives of West began calling Plaintiff and her husband, Curtis Gibson, to collect debts allegedly owed for medical services.

7. Sometimes the West representative would ask to speak to Mr. Gibson and sometimes they would ask to speak to Mrs. Gibson as both allegedly owed medical bills which West were trying to collect.

8. On April 26, 2010 Curtis Gibson passed away.

9. During the week of April 26, 2010 a representative of West called and Plaintiff answered the telephone.

10. The representative asked to speak to Mr. Gibson and Plaintiff told the representative that Mr. Gibson had passed away that week.

11. The representative asked if there was going to be a probate estate and Plaintiff advised the representative that her husband died without any assets and there would be no estate.

12. The representative then asked Plaintiff if she could pay the bill.

13. Plaintiff told him that she was now a single mother of two children and her only income was social security.

14. The representative persisted and stated that Plaintiff had to do something about her husband's bill and that they needed her to make a payment.

15. The representative spoke to Plaintiff in a rude and argumentative manner despite being advised that the actually debtor was now deceased and the Plaintiff had no obligation or ability to pay the debt.

16. Representatives of West made numerous and frequent calls to Plaintiff's home in an attempt to collect a debt owed by Mr. Gibson despite the fact that they knew that he had passed away and that there was no estate.

17. West also made numerous and frequent calls to Plaintiff's home in an attempt to collect a debt allegedly owed by her despite the fact that she had told them that her husband had just passed away and that she did not have any money to pay the debt because she now had to support two children on only her social security benefits.

18. On or about June 15, 2010 a representative of West called trying to collect the debt Plaintiff allegedly owed.

19. Plaintiff, once again, told the representative that her husband just passed away and that she now has to support two children on only her social security.

20. The representative asked if she could make a $20.00 payment towards the account.

21. Plaintiff told him that she could not even pay $20.00.

22. The representative then told Plaintiff that West would continue to call her, despite their knowledge that Plaintiff is unable to pay, until she agrees to pay the bill.

23. As a result of Defendant's actions and/or omissions, by and through their representatives, Plaintiff, already suffering from the loss of her husband, had exacerbated feelings of

depression, frustration and hopelessness. Moreover, Plaintiff was not able to properly mourn the death of her husband.

### First Claim for Relief
### FDCPA Violation

24. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

25. The foregoing acts and omissions of Defendant West Asset Management and its agent constitute numerous and several violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692e(2)(a), and 1692f.

26. As a result of the above violations of the FDCPA, Plaintiff is entitled recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation

27. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

28. The foregoing acts and omissions of Defendant West Asset Management and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(7).

29. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Third Claim for Relief
### FCCPA Violation

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

31. The foregoing acts and omissions of Defendant West Asset Management and its agents constitute numerous and several violations of the FCCPA including, but not limited to F.S.A. § 559.72(9).

32. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs. WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

b. Statutory damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

d. Punitive damages pursuant to F.S.A. § 559.77(2); and such other and further relief as may be just and proper.

Dated: June 30, 2010

Respectfully submitted,

  s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 A Oakfield Drive
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

                                                  s/G. Donald Golden
                                              G. DONALD GOLDEN, ESQUIRE
                                              JOSEPH B. BATTAGLIA, ESQUIRE